**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-1989**

———————————

JOHN PATRICK MORAN,

       Plaintiff - Appellant,

    v.

LLOYD AUSTIN, in his official capacity as Secretary of Defense; MICHELLE HOWARD, Retired Admiral, in her official capacity as Chair of the Naming Commission; CHRISTINE WORMUTH, in her official capacity as Secretary of the Army; KAREN DURHAM-AGUILERA, in her official capacity as Executive Director of the Office of the Army Cemeteries (Army National Military Cemeteries, ANMC),

       Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:23-cv-01681-PTG-LRV)

———————————

Submitted:  January 23, 2025                       Decided:  January 27, 2025

———————————

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John Patrick Moran, Appellant Pro Se.  Ezekiel Andrew Peterson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Patrick Moran appeals the district court's order dismissing without prejudice his amended complaint in which he challenged the removal of a Confederate statute from Arlington National cemetery for lack of standing. To establish standing under Article III, a plaintiff must allege (1) a concrete and particularized injury in fact that is (2) fairly traceable to the challenged action, and that (3) will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The district court determined that Moran failed to allege a concrete injury fact for Article III standing. We agree. While Moran argus that he established standing based on a procedural injury, citing *Defend Arlington v. U.S. Dep't of Def.*, Nos. 23-441, 23-2094, 2023 WL 8600567 (D.D.C. Dec. 12, 2023) (unpublished), the district court in that out-of-circuit case addressed only the redressability requirement of standing. However, while "the redressability requirement is relaxed" when a plaintiff alleges a procedural injury based on a violation of a statute, *Defend Arlington*, 2023 WL 8600567, at *9 (internal quotation marks omitted), "[u]nlike redressability, . . . the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute," *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).

Here, the district court properly applied the standards for determining whether Moran alleged a concrete and particularized injury in fact and correctly concluded that he alleged no such injury. Accordingly, we affirm the district court's order. *Moran v. Austin*, No. 1:23-cv-01681-PTG-LRV (E.D. Va., Sept. 27, 2024). We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*